## Munns, Appellant, v. Pittsburg Railways Company.

*Negligence—Street railways—Motormen—Death—Contributory negligence—Nonsuit.*

In an action against a street railway company to recover damages for the death of a motorman, a nonsuit is properly entered where the evidence shows that the deceased was killed by his car leaving the tracks on a bridge; that he had been for some time in the employ of the company, and was familiar with the bridge; that he was running his car at the time at an undue rate of speed; and that he had not obeyed a notice posted at the approach of the bridge, requiring him to stop his car.

Argued Oct. 19, 1908. Appeal, No. 194, Oct. T., 1907, by plaintiff, from order of C. P. No. 3, Allegheny Co., Nov. T., 1904, No. 488, refusing to take off nonsuit in case of Mamie Munns, widow of John Munns, deceased, in her own right and for Thomas V. Munns and Hilda E. Munns, minor children of John Munns, v. Pittsburg Railways Company. Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of a motorman.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off, KENNEDY, P. J., filing the following opinion:

This action is brought for the recovery of damages to the plaintiffs for the death of the decedent, which, they allege, was caused by the negligence of the defendant company.

The deceased was at the time in the employ of the defendant company as motorman, and was operating the car to which the accident occurred. The statement and claim of the plaintiffs is that the car left the track on a bridge which was built by and belonged to the city of Pittsburg, and over which the defendant company had no control. The testimony as to the condition of the track on the approach to the bridge does not, therefore, seem to have anything to do with this accident, and the testi-

mony with reference thereto was properly excluded, the allegation in plaintiff's statement and the testimony with regard thereto showing that the accident occurred by the car leaving the track on the bridge.

The deceased had been in the employ of the defendant company for some time previous to the accident, and had operated cars on the line where the accident occurred. The testimony does not show any negligence on the part of the defendant company which proximately occasioned the accident. It seems from the testimony on behalf of the plaintiff, that the motorman was operating the car at the time at an undue rate of speed, and that he disregarded the notice to stop at the approach to the bridge, and that the accident was caused by his own contributory negligence. The length of time that he was in the employ of the company and crossing over this particular bridge tended to show that he assumed the risk of the employment. This being the case, and there being no negligence on the part of the defendant company shown creating any liability to these plaintiffs, and the testimony showing also that the decedent under the circumstances was guilty of negligence, we do not think that this nonsuit should be taken off.

The rule to show cause is discharged.

*Error assigned* was refusal to take off nonsuit.

*Rody P. Marshall*, with him *Thos. M. Marshall*, for appellant.

*William A. Challener*, with him *Clarence Burleigh* and *James C. Gray*, for appellee.

PER CURIAM, November 2, 1908:

The judgment is affirmed on the opinion of the court below refusing to take off the nonsuit.